UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MINUTEMAN PRESS INTERNATIONAL, INC., and DOES 1 through 50,<br><br>    Defendants. | No. 2:16-cv-00833-KJM-CMK<br><br><br><br>ORDER |

The motion for an order staying the proceedings brought by defendant Minuteman Press International, Inc. (Minuteman) is currently pending before the court. Defs.' Mot. to Stay, ECF No. 4-1. Plaintiff James S. Martin (Martin) opposes the motion. Pl.'s Opp'n to Defs.' Mot. to Stay, ECF No. 5. Minuteman replied to Martin's opposition on June 22, 2016. Defs.' Reply, ECF No. 6. The court held a motion hearing on July 29, 2016. ECF No. 7. For the following reasons, defendants' motion to dismiss or stay is denied.

I.    BACKGROUND

On January 19, 2016, Minuteman filed a complaint seeking declaratory judgment in New York Supreme Court in Suffolk County. *See* Ex. A-N.Y. Compl. (N.Y. Compl.), ECF No. 4-3. In its complaint, Minuteman alleges it did not orally promise Martin "that he would

1

receive an ongoing 15% commission of revenues to Minuteman from the existing franchises in the San Francisco Region throughout his retirement." *Id.* ¶¶ 10. Additionally, Minuteman alleges the promise was never memorialized in writing, Minuteman has fulfilled all of its contractual obligations to Martin, and Martin is entitled to no further payments. *Id.* ¶¶ 11, 16, 19. On March 23, 2016, Martin filed a motion in New York Supreme Court to dismiss or stay the New York action. Defs.' Mot. to Stay 7:7–12; Pl.'s Opp'n to Defs.' Mot. to Stay 10:22–26. Minuteman filed its opposition to Martin's motion on April 25, 2016. *Id.*

Meanwhile, on March 9, 2016, Martin filed this action in California Superior Court for the County of Sacramento. Defs.' Notice of Removal, Ex. 1-Cal. Compl. (Cal. Compl.), ECF No. 1-1. Similar to the New York action, Martin alleges that Minuteman orally promised Martin 15% royalty commissions from certain existing franchises throughout his retirement. *Id.* ¶ 3. Martin alleges seven claims: (1) breach of oral contract; (2) promissory estoppel; (3) breach of Labor Code section 221 *et seq.*; (4) unlawful business practice in violation of Business & Professions Code section 17200 *et seq.*; (5) unjust enrichment; (6) breach of financial elder abuse based on Welfare & Institutions Code section 15610.30(a)(1); and (7) accounting. *Id.* On April 21, 2016, Minuteman removed the California state action to this court, asserting diversity jurisdiction. ECF No. 1.

On May 5, 2016, Minuteman filed the instant motion to stay proceedings. Defs.' Mot. to Stay. Minuteman argues equity favors granting a stay because Martin would not suffer any cognizable prejudice if the court grants a stay, whereas Minuteman would have to endure the hardship of litigating two cases and risk inconsistent rulings if the court does not. *Id.* at 8:15–10:7. Minuteman also argues staying this action would promote judicial efficiency and prevent a waste of resources. *Id.* at 13:19-20.

In his opposition to Minuteman's motion, Martin argues Minuteman has "failed to meet its burden to show exceptional circumstances" that would justify staying proceedings, California is a more convenient forum for both parties, more progress has been made in the California case, this court is more qualified to protect the parties' rights, and Minuteman has engaged in improper preemptive forum shopping. Pl.'s Opp'n to Defs.' Mot. to Stay 13:2–19:18.

Martin also argues this "court should enjoin Minuteman from proceeding in the New York action." *Id.* at 20:15.

## II. DISCUSSION

Minuteman argues this court has the "discretionary 'power to stay proceedings'" under the *Landis* doctrine. Defs.' Mot. to Stay 3:15–17 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Martin argues "*Landis* iterated the standard to determine whether to issue a stay in one federal case while concurrent jurisdiction existed in other pending federal cases," and is therefore inapplicable to the instant motion. Pl.'s Opp'n to Defs.' Mot. to Stay 11:8–13. Instead, Martin argues the *Colorado River* doctrine applies because the instant motion "concerns federal diversity jurisdiction and concurrent jurisdiction in an out-of-district state court." *Id.* at 11:14–28 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

The question of whether the *Landis* or *Colorado River* doctrine applies is "not purely academic." *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1136 (D. Idaho 2014), *appeal dismissed* (9th Cir. 14-35957) (Feb. 9, 2015). The *Colorado River* factors require a *Landis* analysis and, therefore, "the two doctrines are not interchangeable." *Id.*; *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) ("Though these powers [under *Landis* and *Colorado River*] coexist, they are different and cannot be used, as they were here, as alternative methods for accomplishing an identical result."). This is because

> the *Colorado River* standard allows for less discretion than the *Landis* decision. A court is permitted to grant a *Colorado River* stay only under "exceptional circumstances." *Colo. River*, 424 U.S. at 813 (internal quotations omitted) . . . . To put it differently, the *Colorado River* doctrine is best understood as an additional limitation on a court's inherent authority to grant a stay discussed in the *Landis* decision.

*Fishman Jackson PLLC v. Israely*, ___ F.Supp. 3d ___, 2016 WL 1436431, at *6 n.8 (N.D. Tex. Apr. 12, 2016).

The following language from *Colorado River* strongly supports the conclusion "that the *Colorado River* [doctrine]—and not the doctrine derived from *Landis*—applies when a [federal] court is considering a motion to stay in favor of a state court proceeding[,]" *Fisherman Jackson*, 2016 WL 1436431, at *6:

3

> Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . . As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. *This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.*

*Id.* (quoting *Colo. River*, 424 U.S. at 817–18 (emphasis in original)).  This court concludes that the *Colorado River* doctrine is the applicable doctrine in this case. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 983–84 (9th Cir. 2011) (upholding district court's application of the *Colorado River* doctrine in an abstention case involving a federal claim brought under diversity jurisdiction and a similar state court claim); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1255 (9th Cir. 1988) (same); *United States v. SCM Corp.*, 615 F. Supp. 411, 416–17 (D. Md. 1985) (observing that the *Landis* doctrine applies to concurrent federal jurisdiction, whereas the *Colorado River* doctrine governs concurrent jurisdiction by state and federal courts).

    A.    <u>*Colorado River*</u>

Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," staying proceedings due to the existence of a similar state court action may be appropriate in exceptional circumstances. *Colo. River*, 424 U.S. at 817–18; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27 (U.S. 1983) (rejecting the contention "that the *Colorado River* test is somehow inapplicable because . . . the [d]istrict [c]ourt merely stayed the federal litigation rather than dismissing the suit outright"). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . .'" *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  In deciding whether a stay is appropriate in the face of a parallel proceeding, courts must consider "'[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The court's "task is to ascertain whether there exist 'exceptional' circumstances [and] the 'clearest of justifications' [that counsel] the *surrender* of [federal] jurisdiction." *Cone*, 460 U.S. at 25–26 (emphasis in original). The district court should consider the follow factors in deciding whether to stay or dismiss a case:

> (1) whether either court has assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping.

*Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002) (citing *Cone*, 460 U.S. at 15–16, 23, 26; *Colo. River*, 424 U.S. at 818–19); *see also Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). Another factor courts consider is the degree to which the state and federal actions are "'substantially similar.'" *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368, 1372 (9th Cir. 1990) (quoting *Nakash*, 882 F.2d at 1416 (finding that "[i]t is enough if the two proceedings [be] 'substantially similar'" and that "exact parallelism . . . is not required")). "[T]he decision whether to [stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *Cone*, 460 U.S. at 16. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co.,* 914 F.2d at 1369. The court analyzes each factor below.

        1.      <u>Jurisdiction over Property</u>

This factor is inapplicable to this case, as real property is not at issue.

        2.      <u>Convenience of the Forums</u>

Minuteman is incorporated in New York and its home office is in New York. *See* N.Y. Compl. ¶ 1. However, Martin resides in California and has limited ties to New York. Cal. Compl. ¶ 12. The alleged oral contract at issue in this case was made in California. *Id.* ¶ 14. Minuteman employed Martin in the San Francisco Regional Office from 1983 through 2012, and

Minuteman engages in extensive business operations in California.  N.Y. Compl. ¶ 4–5; Cal. Compl. ¶ 4–5.  Therefore, this factor weighs against staying proceedings.

        3.        <u>Avoiding Piecemeal Litigation</u>

"'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'"  *Travelers Indem. Co.*, 914 F.2d at 1369 (quoting *American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)).  The Ninth Circuit has articulated the guiding principle in resolving this factor as follows:

> Although [granting a stay] to avoid concurrent, duplicative litigation is available in some very limited circumstances—in particular, when the requested relief in federal court is a declaratory judgment—the general rule remains that . . . '[e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res judicata and collateral estoppel by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case.'

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151–52 (9th Cir. 2007) (quoting *Kline v. Burke Const. Co.*, 260 U.S. 226, 230 (1922)).

The instant case and the New York action are substantially similar: both involve the same parties; both involve the same timeframe; and both involve Martin's allegation that Minuteman's founder promised him a 15% commission payment from certain franchises throughout his retirement.  Although the similarities between the two actions could result in piecemeal litigation, the "mere possibility of piecemeal litigation does not constitute an exceptional circumstance [under the *Colorado River* doctrine]."  *R.R. Street & Co.*, 656 F.3d at 979.  Therefore, this factor weighs only slightly, if at all, in favor of granting a stay.

        4.        <u>Order in which the Forums Obtained Jurisdiction</u>

"'Priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'"  *Travelers Indem. Co.*, 914 F.2d at 1370 (quoting *Cone*, 460 U.S. at 21).  Although the New York action was filed

almost two months earlier, it has not progressed further than this case.  Both matters were filed this year and have pending motions to stay or dismiss.

This factor is at least neutral, if it does not weigh slightly against a stay.

### 5. Controlling Law

Only state law claims are pled, and there are no federal law issues that weigh against surrender of jurisdiction.  *See Cone*, 460 U.S. at 26.  This factor favors staying proceedings.

### 6. Adequacy of State Court

The Ninth Circuit has said that "[t]his factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." *Travelers Indem. Co.*, 914 F.2d at 1370.  As this case does not involve any federal rights, this factor is neutral.

### 7. Forum Shopping

Although Minuteman repeatedly argues that Martin has engaged in forum shopping, *see generally* Defs.' Mot. to Stay, this argument is undercut at least in part by the fact that it was Minuteman, not Martin, who removed this action to federal court.  ECF No. 1; *see Travelers Indem. Co.*, 914 F.2d at 1371 ("In the *Colorado River* context, [the Ninth] Circuit has held that forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules.").

### 8. Conclusion

The similarity of the actions, the avoidance of piecemeal litigation, and the lack of a federal question favor granting a stay, even if slightly.  The convenience of the forums does not favor granting a stay.  The remaining factors are neutral.  Under these circumstances, balancing and weighing the relevant factors, this court heeds the Supreme Court's caution that a court should dismiss or stay an action only in exceptional circumstances.

B. Enjoining the New York Action

Relying on *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012), Martin argues in opposition that "[t]his [c]ourt can and should enjoin Minuteman from

proceeding in its action filed in New York." Pl.'s Opp'n to Defs.' Mot. to Stay 20:16-17. However, *Microsoft Corp.* involved a motion to enjoin an action in a foreign country, specifically Germany, and not a state court action. *Microsoft Corp.*, 696 F.3d at 883. Although Martin has not affirmatively moved to enjoin a state court action, such a motion would be governed by the federal Anti-Injunction Act.

> [T]he Anti-Injunction Act . . . prevents a federal court from enjoining the "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The limitations expressed in the Anti-Injunction Act "rest[ ] on the fundamental constitutional independence of the States and their courts," *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), and reflect "Congress' considered judgment as to how to balance the tensions inherent in such a system," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances. *See Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1271 (9th Cir. 1982); *Bennett v. Medtronic*, 285 F.3d 801, 805 (9th Cir. 2002).

*Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005).

The Ninth Circuit recognizes three exceptions to the Anti-Injunction Act whereby a federal court may enjoin a state court action: "(1) [when] Congress has expressly authorized [the injunction]; (2) [the injunction is] necessary [to] the federal court's jurisdiction; or (3) [the injunction is] necessary to protect or effectuate the federal court's judgments." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002), *as amended on denial of reh'g* (May 15, 2002).

Martin has not alleged, and the court cannot find, that any of these exceptions apply to the instant case. Therefore, Martin's request that this court enjoin the New York action is denied.

/ / /

/ / /

/ / /

/ / /

III.     CONCLUSION

As there are no exceptional circumstances counseling a stay here, the court DENIES Minuteman's motion to dismiss or stay the action.

IT IS SO ORDERED.

DATED: August 29, 2016.

_____
UNITED STATES DISTRICT JUDGE